IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-402-FL

| | |
|---|---|
| SHERRIE MCINTYRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court upon the parties' cross-motions for Judgment on the Pleadings. (DE's-14, 16). Both parties have also filed a response. (DE's-18, 19). The time for the parties to file any additional responses or replies has expired. Accordingly, these motions are now ripe for adjudication and have been referred to the undersigned for the entry of a Memorandum and Recommendation pursuant to 28 U.S.C. § 636(b)(1). For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-14) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-16) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

**Statement of the Case**

Plaintiff applied for supplemental security income ("SSI") on June 30, 2008, alleging that she became disabled on January 1, 2003. (Tr. 15). This application was denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ"), who

1

determined that Plaintiff was not disabled during the relevant time period in a decision dated January 4, 2011. *Id.* at 15-23. On June 6, 2011, the Social Security Administration's Office of Hearings and Appeals ("Appeals Council") denied Plaintiff's request for review, rendering the ALJ's determination as Defendant's final decision. *Id.* at 5-9. Plaintiff filed the instant action on August 2, 2011. (DE-6).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...

42 U.S.C. § 405(g)

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by

substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

However, before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See*, Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–440 (4th Cir. 1997).

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).

Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the five-step evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 30, 2008. (Tr. 17). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: 1) bilateral foot deformity (flat feet); 2) lower extremity deep vein thrombosis; 3) depression; 4) history of polysubstance abuse; 5) current marijuana abuse; 6) chronic knee and ankle pain; and 7) obesity.

3

*Id.* Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* at 17-18. The ALJ then determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with certain exceptions. *Id.* at 18. Based on this finding, the ALJ determined that Plaintiff was unable to perform her past relevant work. *Id.* at 21. However, based on the testimony of a vocational expert, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. *Id*. at 22. Accordingly, the ALJ concluded that Plaintiff was not disabled during the relevant time period. *Id.*

In reaching this conclusion, the ALJ made two errors which require remand.

**<u>The ALJ improperly assessed Plaintiff's credibility</u>**

In determining that Plaintiff was not disabled, the ALJ found that Plaintiff's statements regarding her symptoms were not fully credible. *Id.* at 21. Specifically, the ALJ stated that:

> The claimant alleges significant pain as a result of her physical impairments. She also alleges mental problems. After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, her statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment. The claimant testified to chronic pain in her feet and ankles, but has only been using an orthotic device for two months, as of the date of the hearing. **It was noted she was over-using the device, indicating she was walking more than she testified to at the hearing** . . .

*Id.* at 21 (emphasis added).

This misstates Plaintiff's testimony. Plaintiff testified that her orthotics were uncomfortable, and ultimately she was unable to tolerate them. *Id.* at 323. Specifically, Plaintiff stated that "I . . . really didn't like the way [the orthotics] made my feet swell . . . I did

4

walk in them but [they] just weren't comfortable." *Id.* Nowhere in her testimony does Plaintiff state or imply any overuse of the orthotic inserts. On the contrary, her testimony indicates she used them less frequently than suggested. Defendant concedes that the ALJ misstated Plaintiff's testimony. (DE-17, pg. 11-12; DE-19, pg. 1).

"Because he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). Nonetheless, the ALJ's findings with regard to a claimant's credibility still must "contain specific reasons . . . supported by evidence in the case record." SSR 96-7p, 1996 WL 374186, * 2.

Here, the ALJ's credibility findings clearly misstate Plaintiff's hearing testimony. *Id.* at 21. Because of this inaccuracy, the ALJ's findings with regard to Plaintiff's credibility were not "supported by evidence in the case record." Accordingly, this matter should be remanded to permit Defendant to re-evaluate Plaintiff's credibility.

**The ALJ did not properly address the opinion of Dr. Sriraman**

Dr. Ramaswamy Sriraman examined Plaintiff on December 19, 2008. (Tr. 203). He noted that Plaintiff had a history of depression, which had worsened in the last six months. *Id.* Plaintiff was "having crying spells, and occasional suicidal ideations." *Id.* Plaintiff's insight and judgment were impaired, and her "prevailing mood [was] one of depression." *Id.* at 204. Ultimately, Dr. Sriraman diagnosed Plaintiff with, *inter alia*, major depressive disorder and assessed her with a Global Assessment of Functioning ("GAF") of 48. *Id.* A GAF of 48 indicates serious symptoms or serious impairment in social, occupational, or school functioning. Diagnostic and Statistical Manual of Mental Disorders, p. 34. (4th Ed., Text Revision 2000). Based on these findings, Dr. Sriraman opined that Plaintiff was disabled. *Id*. at 203. Dr.

5

Sriraman examined Plaintiff again on February 18, 2009 and April 15, 2009. *Id.* at 201-202. Although some improvement was noted, Plaintiff was still diagnosed with depression on both occasions. *Id.*

>With regard to Dr. Sriraman's opinions, the ALJ made the following findings:
>
>>Treating providers assigned a GAF score of 48 on December 19, 2008 (Ex. 13F). She stopped taking her medication the following February because she felt that they were not helping her. (Id.) By April 2009, treatment notes reveal that the claimant was doing well. She told treating providers that her medication had been helping her. She said that she had been keeping herself fairly busy. She stated that she was going to church. On examination, the claimant's mood was euthymic (Id.).
>
>*Id.* at 19.

In short, the ALJ discusses Dr. Sriraman's treatment notes, but does not specify the weight given to Dr. Sriraman's opinion that Plaintiff was disabled.

"Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). Without an analysis of all evidence and a sufficient explanation of the weight given to obviously probative exhibits, it is not possible to determine if the ALJ's decision is supported by substantial evidence. Arnold v. Secretary of Health, Ed. and Welfare, 567 F.2d 258, 259 (4th Cir. 1977). Remand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision. Ivey v. Barnhart, 393 F. Supp. 2d 387, 390 (E.D.N.C. September 29, 2005)(*Citing*, Murphy v. Bowen, 810 F.2d 433, 438 (4th Cir. 1987)).

When the ALJ does not give the opinion of a treating physician controlling weight, he must weigh the opinion pursuant to the following non-exclusive list: 1) the length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment

relationship between the physician and the claimant; 3) the supportability of the physician's opinion; 4) the consistency of the opinion with the record; and 5) whether the physician is a specialist. 20 C.F.R. § 404.1527(d)(2)-(6). *See also*, Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005). Moreover, the ALJ's decision "must contain specific reasons for the weight given to the treating source's medical opinion, supported by substantial evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." S.S.R. 96–2p, 1996 WL 374188, at *5. *See also*, Farrior v. Astrue, 2011 WL 3157173, * 4 (E.D.N.C. June 1, 2011). "Unless the [Commissioner] explicitly indicates the weight given to all the relevant evidence, [a district court] cannot determine on review whether the findings are supported by substantial evidence." Myers v. Califano, 611 F.2d 980, 983 (4th Cir. 1980). *See also*, Harmon v. Apfel, 103 F.Supp.2d 869, 873 (D.S.C. July 5, 2000).

Here, the ALJ's discussion of Dr. Sriraman's treatment notes does not satisfy these requirements. Specifically, the ALJ does not explicitly indicate the weight given to Dr. Sriraman's opinion. In addition, the undersigned also notes that the ALJ does not discuss Dr. Sriraman's opinion in light of the factors listed at 20 C.F.R. § 404.1527(d)(2)-(6). Accordingly, this matter should be remanded to permit Defendant to make more specific finings with regard to Dr. Sriraman's opinion.

7

Case 5:11-cv-00402-FL   Document 21   Filed 07/10/12   Page 7 of 8

**Conclusion**

For the reasons discussed above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-14) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-16) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the foregoing directives.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Tuesday, July 10, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE